UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAMIRYN PARR,

                Plaintiff,        Civil Action No. 21-12166

v.                                     Judith E. Levy
                                     United States District Judge

KEN SPURLING, *et al.*,        David R. Grand
                                     United States Magistrate Judge

                Defendants.
_____/

### REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE FOR FAILURE TO TIMELY EFFECTUATE SERVICE

**I.    PROCEDURAL HISTORY**

On September 16, 2021, *pro se* plaintiff Kamiryn Parr ("Parr") filed this sexual harassment employment lawsuit under 42 U.S.C. § 1981 against her former employer, Dollar General, and several Dollar General employees (collectively, "Defendants"). (ECF No. 1). The case was referred to the undersigned for all pretrial matters pursuant to 28 U.S.C. § 636(b). (ECF No. 7).

On February 2, 2022, the Court granted Parr's application to proceed *in forma pauperis*, found good cause under Fed. Civ. P. 4(m) to extend the time limit for service until **May 2, 2022**, and ordered Parr to "complete and present to the Clerk's Office the following documents to effect service in this case []:" (1) one copy of the complaint for each defendant; (2) two USM 285 forms for each defendant; and (3) three summonses for

each defendant." (ECF No. 5, PageID.26; ECF No. 6). The Court further ordered that Parr "file with the Court a signed U.S. Postal Service Certified Mail receipt – green card (PS Form 3811) after service is completed, to show proof of service of process." (ECF No. 6, PageID.28).

On May 31, 2022, when a review of the docket did not reflect an acknowledgement from the U.S. Marshal Service of receipt of service of process documents, nor proof of service of process, the Court issued an Order to Show Cause, ordering Parr to show cause, in writing, on or before **June 15, 2022**, why her complaint should not be dismissed without prejudice because of her failure to timely serve Defendants by the extended deadline for service of May 2, 2022. (ECF No. 8). To date, the docket reflects that Parr has not responded in writing to the Court's Order to Show Cause, and that there is no acknowledgement from the U.S. Marshal Service of receipt of service of process documents, much less proof of service of process.[1]

## II.   ANALYSIS

Federal Rule of Civil Procedure 4(m) provides that if service is not effectuated on a defendant within 90 days of filing the complaint, the court must dismiss the action without prejudice as to that defendant. "Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) (citing *Habib v. General Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994)). It is a plaintiff's burden to establish good cause for failing to timely effectuate

---

[1] Neither the Court's Order Directing Parr to Complete Service Documents, nor Order to Show Cause (which were served by mail on Parr) has been returned to the Court as undeliverable.

service. *See Habib*, 15 F.3d at 73. Further Local Rule 41.2 provides that if the parties "have taken no action for a reasonable time," the Court may enter an order dismissing the case for lack of prosecution.

Despite the orders and warnings discussed above, Parr has failed serve Defendants or otherwise complete and present to the Clerk's Office the necessary documents to effect service in this case, nor has she responded to the Court's May 31, 2022 Order to Show Cause. Therefore, pursuant to Fed. R. Civ. P. 4(m) and E.D. Mich. LR 41.2, the Court recommends that Parr's complaint against Defendants be dismissed without prejudice. *See Abel v. Harp*, 122 F. App'x 248, 250 (6th Cir. 2005) (citing *Byrd*, 94 F.3d at 219).

### III. RECOMMENDATION

Based on the foregoing, the Court **RECOMMENDS** that Parr's complaint be **DISMISSED WITHOUT PREJUDICE**, pursuant to Fed. R. Civ. P. 4(m) and E.D. Mich. LR 41.2.

Dated: June 23, 2022  s/David R. Grand
Ann Arbor, Michigan  DAVID R. GRAND
United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991);

*United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 23, 2022.

s/Eddrey O. Butts<br>
EDDREY O. BUTTS<br>
Case Manager